UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| RAFAEL DIAZ, | : | | |
| | : | | |
| Petitioner, | : | Civil Case No.: | 08-0280 (RMU) |
| | : | | |
| v. | : | Document No.: | 1 |
| | : | | |
| UNITED STATES, | : | | |
| | : | | |
| Respondent. | : | | |

## MEMORANDUM ORDER

### DENYING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS OR FOR RELIEF UNDER 28 U.S.C. § 2255

The petitioner brings two challenges. First, he challenges the validity of a sentence he received in the Eastern District of Michigan dating back to 1999. *See* Petition at 1, 17 (requesting the court to "vacate Michigan sentense [sic] which is extended conspiracy from the Western District of New York"). Second, he makes a jurisdictional challenge to a magistrate judge's detention order in a 1995 case in the Western District of New York. *See* Petition at 5, 22. In addition to these challenges, in either or both cases the petitioner raises a Sixth Amendment concern regarding his right to inspect jury lists. *Id.* at 23.

The petitioner's challenges to the judgments or proceedings[1] are improperly before this court. Whether brought under 28 U.S.C. § 2241 (governing petitions made by persons in custody regardless of whether final judgment has been rendered) or § 2255 (governing federal prisoners' challenges to sentences), the petitioner's challenges must be made in the district of incarceration or the sentencing court respectively. *Malcom v. Gonzales*, 2008 WL 821879, at *1 (D.D.C. Mar. 26, 2008) (dismissing a petitioner's challenge under 28 U.S.C. § 2255 stemming

---

[1] Language in the habeas petition indicates that the case in the Western District of New York may still be pending. *See* Petition at 24 (demanding that "the indictment pending in Western District of NY be dismissed and Michigan sentence vacated").

from a conviction in the United States District Court for the District of Nevada); *Love v. Gonzales*, 2007 WL 1297156, at *1 (D.D.C. Apr. 30, 2007) (noting that 28 U.S.C. § 2241 indicates that the "court lacks jurisdiction to 'entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner'" (quoting *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988))). In this case, the petitioner's challenges stem from proceedings in the Western District of Michigan and the Western District of New York, and the petitioner is incarcerated in New York. Accordingly, the court lacks jurisdiction, and it is this 22nd day of April, 2008,

**ORDERED** that the petition for a writ of habeas corpus or for relief pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED without prejudice**.

This is a final appealable order. *See* FED. R. APP. P. 4(a).

**SO ORDERED.**

                                                RICARDO M. URBINA
                                            United States District Judge